IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ADARIUS R. BLAIR, #587870,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-00754 ) Judge Trauger |
| **CORE CIVICS OF AMERICA, et al.,** | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Adarius Blair, a state inmate proceeding pro se, filed a civil rights complaint (Doc. No. 1) without addressing the filing fee requirement. In response to the court's deficiency order, the plaintiff filed an application for leave to proceed in forma pauperis (IFP), but that application was defective. Given a final chance to cure the filing fee defect, the plaintiff filed a renewed IFP application (Doc. No. 9) that is currently pending before the court.

The case is before the court for ruling on the plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

**I. APPLICATION TO PROCEED IFP**

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because the plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to prepay the entire filing fee, that IFP application (Doc. No. 9) is **GRANTED**.

Regardless of their indigency, prisoners are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405,

*see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. *Id.* § 1915(b)(1)–(2).

Accordingly, the plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

A. <u>Legal Standard</u>

In cases filed by prisoners, the court must conduct an initial screening and dismiss the

Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

B. <u>Analysis of the Complaint</u>

The Complaint alleges that the plaintiff was "reclassed off of close custody" to medium security on November 2, 2023, but continued to be held in segregation for nearly four months after the reclassification, until February 26, 2024, when he was returned to general population. (Doc. No. 1 at 5.) This kept him from resuming the "normal activities and daily routine" he would have enjoyed in general population for nearly four months—116 days, to be exact. (*Id.*) Claiming that this treatment amounted to cruel and unusual punishment and a "lack of due process," the plaintiff requests an award of damages for "emotional and punitive" harm. (*Id.* at 3, 5, 7.)

The U.S. Court of Appeals for the Sixth Circuit confronted nearly identical facts in *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997), where the plaintiff had been reclassified after a stint in segregation but "was not immediately transferred" to general population; instead, he "remained in administrative segregation for an additional 117 days." *Id.* at 461. Applying the rule of *Sandin v. Conner*, 515 U.S. 472 (1995), the *Mackey* court held that the "maintenance of Mackey in administrative segregation did not impose an atypical or significant hardship on him," and that "[t]o rule in Mackey's favor would run counter to the view expressed in several Supreme Court cases that 'federal courts ought to afford appropriate deference and flexibility to state [prison] officials trying to manage a volatile environment.'" *Mackey*, 111 F.3d at 463 (quoting *Sandin*, 515 U.S. at 482); *see also Finley v. Huss*, 102 F.4th 789, 813 (6th Cir. 2024) (finding that, "[t]o be sure, Finley's three months in administrative segregation—without more—cannot implicate" his due process rights).

Under *Mackey* and *Sandin*, the plaintiff's 116-day confinement in segregation after his reclassification, and the accompanying restriction on his activities and routines, does not amount to the atypical or significant hardship required to implicate his due process rights. Nor does the

4

Case 3:24-cv-00754   Document 11   Filed 10/24/25   Page 4 of 5 PageID #: 56

additional segregation after his reclassification amount to cruel and unusual punishment under the Eighth Amendment. Without allegations that the plaintiff "was denied basic human needs or . . . subjected to any physical injury as a result of the actual conditions in the segregated housing unit," the mere inability to engage in normal activities and routines while in segregation simply does not implicate the Eighth Amendment or allow for recovery of damages for emotional harm. *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145 (6th Cir. 2002) (citing 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury...."). The Complaint thus fails to state any viable claim that the plaintiff's constitutional rights were violated.

### III. CONCLUSION

For the reasons given above, the plaintiff's IFP application (Doc. No. 9) is **GRANTED** and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge